**Wilma Wilcox RANDOLPH, Appellant,**

v.

**UNITED STATES FIRE INSURANCE CO., Appellee.**

**No. 11–82–069–CV.**

Court of Appeals of Texas, Eastland.

Nov. 10, 1982.

Two Rehearings Denied Jan. 6, 1983.

Larry Lambert, Wilson, Altman & Lambert, Wichita Falls, for appellant.

Grady W. Harris, Harris, Harris & Harris, Arlington, for appellee.

McCLOUD, Chief Justice.

Wilma · Wilcox Randolph, an injured worker, sought an award from the Industrial Accident Board against two insurance carriers, Texas Employers' Insurance Association (T.E.I.A.) and United States Fire Insurance Company (U.S. Fire) for injuries received on July 24, 1979, while she was employed by Stephenville Nursing Home. The Industrial Accident Board in its final award dated April 9, 1981, found that T.E.I.A. was the "correct carrier" and awarded plaintiff benefits against T.E.I.A. The board denied plaintiff's claim against U.S. Fire. T.E.I.A. timely filed suit in Cause No. 14,904 to set aside the board's award. On May 11, 1981, plaintiff and T.E.I.A. entered into a compromise settlement agreement. On May 21, 1981, the court in Cause No. 14,904 entered judgment in favor of plaintiff against T.E.I.A. pursuant to the settlement agreement. On May 18, 1981, plaintiff timely filed the instant suit, Cause No. 14,922, seeking to set aside the board's denial of her claim against U.S. Fire. The trial court granted U.S. Fire's motion for summary judgment. Plaintiff appeals. We reverse and remand.

Prior to July 1979, T.E.I.A. was the worker's compensation carrier for Stephenville Nursing Home. On July 11, 1979, U.S. Fire filed notice of commencement of coverage, effective as of July 7, 1979, with the Industrial Accident Board.[1] T.E.I.A., however, did not file notice of cancellation of coverage with the board until August 3, 1979, which was to take effect on August 13, 1979.[2] During the period between July 7 and August 13, the plaintiff, on July 24, 1979, injured her back while working at the Stephenville Nursing Home.

U.S. Fire contends that T.E.I.A. was the "correct carrier" as a matter of law and that U.S. Fire provided no coverage to plaintiff on the date of her injury. U.S.

1. Tex.Rev.Civ.Stat.Ann. art. 8308, section 18a (Vernon Supp.1982) provides for notice to the board of the effective date of an insurance policy.

2. Tex.Rev.Civ.Stat.Ann. art. 8308, section 20a (Vernon Supp.1982) extends coverage until the required notice is given by the insurance company to the subscriber and to the Industrial Accident Board.

Fire further urges that plaintiff did not follow proper procedures in perfecting her suit, and that her action is barred on the grounds of res judicata, collateral estoppel, accord and satisfaction, unjust enrichment, double recovery, election of remedies, and merger.

U.S. Fire argues that because T.E.I.A. failed to give statutory notice of cancellation, T.E.I.A. was, as a matter of law, the correct worker's compensation carrier, and that the evidence conclusively established that the insurance agent, who wrote the U.S. Fire policy, and the Stephenville Nursing Home never intended to have two policies in effect at the same time. The evidence fails to conclusively establish that the U.S. Fire policy was not in effect at the time of the injury. Prior to the plaintiff's injury, U.S. Fire filed with the Industrial Accident Board its notice of worker's compensation coverage. The employer sent its notice of injury to U.S. Fire and U.S. Fire paid plaintiff $300 in compensation benefits and also paid $1,874.60 in medical expenses. The affidavit of the insurance agent who wrote the U.S. Fire policy and the affidavit of the administrator for the employer stating their "intent" merely create fact questions.

When T.E.I.A. appealed the board's award in Cause No. 14,904, only the issues between the plaintiff and T.E.I.A. were before the court. *Latham v. Security Insurance Company of Hartford,* 491 S.W.2d 100 (Tex.1972). T.E.I.A. did not sue U.S. Fire. Plaintiff did not implead U.S. Fire and no intervention was filed by U.S. Fire. We do not construe *Latham* as requiring plaintiff to implead U.S. Fire in the appeal of the board's award by T.E.I.A. The court in *Latham* pointed out that Security Insurance Company of Hartford "did not file suit to set aside" the board's award, and it did not timely intervene, nor was it impleaded, in the suit filed by another party. Here, plaintiff timely and properly followed the requirements of Tex.Rev.Civ.Stat.Ann. art. 8307, section 5 (Vernon 1967) in filing the instant suit to set aside the board's award in favor of U.S. Fire.

 The settlement between plaintiff and T.E.I.A. involved different parties and a different insurance policy. The doctrines of res judicata, merger, and estoppel by judgment are inapplicable. 34 Tex.Jur.2d Judgments Sections 492 and 520 (1962). The settlement agreement between plaintiff and T.E.I.A. did not purport to discharge plaintiff's cause of action against U.S. Fire. There has been no accord and satisfaction. 1 Tex.Jur.3d Accord and Satisfaction Section 1 (1979). U.S. Fire has failed to conclusively establish that plaintiff's assertion that both U.S. Fire and T.E.I.A. were insurers amounted to an election of remedies. *Bocanegra v. Aetna Life Insurance Company,* 605 S.W.2d 848 (Tex. 1980).

The judgment of the trial court is reversed and the cause is remanded for trial.