**Louis G. VARGAS, Jr. and Maria Delaluz Gomez Vargas, Individually, Appellants,**

v.

**DIAMOND SHAMROCK, Appellee.**

**No. 13–86–544–CV.**

Court of Appeals of Texas, Corpus Christi.

June 11, 1987.

Rene Rodriguez, Corpus Christi, for appellants.

James F. McKibben, Jr., Corpus Christi, for appellee.

Before DORSEY, UTTER and KENNEDY, JJ.

OPINION

DORSEY, Justice.

This is an appeal from a partial summary judgment. Appellants, the parents of a deceased employee of Diamond Shamrock, sued for exemplary damages for gross negligence under the Workers' Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 8306 § 5 (Vernon 1967), and for damages for intentional injuries under the Texas Survival Statute. Tex.Civ.Prac. & Rems.Code Ann. § 71.021 (Vernon 1987). They brought the suit individually and as next friend of Melissa Adele Lopez, the minor child of the deceased employee. Their individual causes of action were severed from the action on behalf of the child, and summary judgment was granted dismissing those individual causes of action. We affirm the judgment of the trial court.

This suit arose from the death of appellants' daughter, Wanda Lopez, who was killed during a robbery of a Sigmor Diamond Shamrock service station where she was working as a cashier. Diamond Shamrock was a subscriber under the Texas Workers' Compensation Act and death benefits were paid to the deceased's minor daughter, Melissa Adele Lopez.

This action was brought by the appellants, parents of the deceased employee, on their own behalf and on behalf of the child of the deceased, alleging gross negligence on the part of appellee-employer, Diamond Shamrock, because of the failure of the employer to provide adequate security training or a safe place to work for the employees. After certain discovery had been made, appellee moved for partial summary judgment alleging there was no material issue of fact that would permit the parents of the deceased to recover for gross negligence under the Workers' Compensation Act.

Appellants responded to the Motion for Partial Summary Judgment by amending their petition and arguing in their motion in opposition that they had alleged as a new cause of action an intentional injury by the employer and thus, had removed the action from the ambit of the Workers' Compensation Act.

When the employer is a subscriber to Workers' Compensation Insurance coverage, the Act is the exclusive remedy for work-related injuries except for intentional injuries committed by the employer. An injury caused by willful negligence or willful gross negligence is not an intentional injury necessary to avoid the effect of the Act. *Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406 (Tex.1985); *Castleberry v. Goolsby Building Corp.*, 617 S.W.2d 665 (Tex.1981). The parents of a deceased worker are not entitled to sue for exemplary damages under Section 5 of the Act, and thus, they have no cause of action against an employer for gross negligence in the death of an employee-child. *Castleberry v. Goolsby Building Corp.*, 608 S.W.2d 763 (Tex.Civ.App.—Corpus Christi 1980), *affirmed*, 617 S.W.2d 665 (Tex.1981).

The intentional failure to provide a safe work place does not create an intentional tort so as to create a cause of action apart from the Workers' Compensation Act, unless the employer believes his conduct is substantially certain to cause the injury. *Reed Tool Co. v. Copelin*, 689 S.W.2d at 407. We have carefully reviewed appellants' amended petition in which they claim they have asserted the commission of an intentional injury by the employer. At most, the appellants have alleged an intentional failure to take those precautions that would have prevented the murder of the deceased employee; we find no allegation that the employer participated in the murder or that the employer believed its conduct certain to cause the injury.

In *Reed Tool Co. v. Copelin* the summary judgment for the employer was affirmed when the summary judgment evidence included statements that the employer did not willfully injure the employee by giving him a particular machine with which to work. In the present case, the trial judge relied on the pleadings, interrogatories, and depositions in granting the partial summary judgment. The complete summary judgment record and proof has not been brought forward by the appellant. "In the

absence of the complete record considered by the trial court, the appellate presumption is that the omitted summary judgment evidence supports that trial court's judgment." *Cantu v. Western Fire & Casualty Insurance Co.,* 723 S.W.2d 668 (Tex. 1987).

Appellants' sole point of error is overruled. The judgment of the trial court is affirmed.