**BROWN SERVICES, INC., Appellant,**

v.

**Thomas W. FAIRBROTHER, JR., Appellee.**

**No. 13–88–289–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1989.

Rehearing Denied Oct. 5, 1989.

---

Jack L. Allbritton, Fulbright & Jaworski, Houston, for appellant.

Robert G. Taylor, II, Houston, for appellee.

Before SEERDEN, UTTER, and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

Appellee was injured while working to modify the derrick of a jack-up drilling barge in the territorial waters of Trinidad. The issues on appeal relate to his remedies.

Appellee sued his employer (appellant, Brown Services), Reading and Bates Drilling Co., which operated the jack-up rig, and Amoco Trinidad Oil Co., which had hired Reading to drill offshore wells, among others. Reading had contracted with appellant to modify the derrick to meet Amoco's drilling specifications. Appellee, by his Fourth Amended Petition, pleaded causes under general maritime law, the Jones Act, 46 U.S.C.A.App. § 688, and "any and all other applicable law." The petition explains that he was working at the top of the rig, balanced on the derrick framework, when a pipe fell from above, partially amputating his leg in the shin area. Appellee alleged that the unseaworthy condition of the rig was a proximate and/or producing

cause of his injures and damages and alleged various acts of negligence.

Appellee settled with Reading and Amoco for $1,400,000 before trial, and received $1,050,000 from appellant's insurers. After a bench trial, the court found appellant 100% negligent, exonerating Reading and Amoco, found damages of $2,400,000, added prejudgment interest of $426,987, credited $1,050,000, and entered judgment for $1,776,987. We affirm.

Appellant's first point challenges the trial court's finding that appellee was a "seaman and member of the crew" of the G.H. GALLOWAY, and its second point argues that general maritime law was inapplicable, alleging a lack of a sufficient "maritime nexus" between appellee and his work for the injury to constitute a "maritime tort." In its fourth point of error, appellant claims that the trial court erred in failing to credit the $1,400,000 settlement against the judgment.

In oral argument, appellee conceded that *Hernandez v. M/V Rajaan*, 841 F.2d 582 (5th Cir.1988) decided after the trial but before the entry of judgment, allows a party only one recovery for his injuries in a maritime injury case and that any award must be reduced by any settlements, without regard to whether the settling defendants are ultimately found at fault. Since appellee had been paid sums in excess of $2,400,000, he acknowledges that the questions raised in points of error one and two are not controlling on this appeal. Since the matters raised by appellant's points one and two are not necessary to the final disposition of this appeal, we will limit our discussion to the remaining points raised by the parties. Tex.R.App.P. 90(a).

Point three complains of the trial court's alternative conclusion that appellee had a common law action against appellant, and that the exclusive liability provisions of the Texas Workmen's Compensation Act, Tex. Rev.Civ.Stat.Ann. art. 8306(3) (Vernon 1967 and Supp.1989), did not protect it. Appellant claims that appellee failed to plead a common law cause of action, and that it was only on notice of Jones Act or general maritime claims. It also claims that the evidence was insufficient, legally and factually, to support the court's findings and conclusions that appellant failed to prove "subscriber" status under the Texas Workmen's Compensation Act, and legally insufficient to show that appellant failed to comply with notice provisions of such Act. It additionally asserts that no evidence showed that appellee did not have notice of its subscriber status or that appellee gave written notice of his claim for common law rights in lieu of compensation benefits.

■■■ Appellee asserts that the phrase, "and any and all other applicable law" in his petition was sufficient to give fair notice that he was pleading, in the alternative to his Jones Act and general maritime causes, a cause of action under any other law that would support a judgment in his favor. We have found no special exceptions in the transcript. A defendant who fails to make a special exception waives any defects in the pleading. *See Manufactured Housing Management v. Tubb*, 643 S.W.2d 483, 487 (Tex.App.—Waco 1982, writ ref'd n.r.e.); Tex.R.Civ.P. 90, 91. Insufficiency of the pleadings may not be raised for the first time on appeal, and, in the absence of special exceptions, the petition will be liberally construed to support the judgment. *Lowther v. Lowther*, 578 S.W.2d 560, 562 (Tex.App.—Waco 1979, writ ref'd n.r.e.).

Appellant cites language in *Stoner v. Thompson*, 578 S.W.2d 679, 684 (Tex.1979). However, *Stoner* is a default judgment, and Rule 90 states that it does not apply to any party against whom default judgment is rendered. *Stoner*, 578 S.W.2d at 682; Tex.R.Civ.P. 90.

■■■ Moreover, after appellee filed his Fourth Amended Petition containing the disputed language, appellant filed a Second Amended Answer in which a paragraph reads,

A (sic) way of affirmative defense, Defendant affirmatively pleads the Plaintiff, if found to be injured by the acts or omissions of Brown Services, Inc., suffered such injury as by a fellow servant and accordingly his cause (sic) of actions

are all barred by the Texas Workers Compensation Act, Article 8306 *et seq.* of the Texas Revised Civil Statutes Annotated.

This answer reflects an understanding that Texas law was pleaded. Moreover, in discussing the parties' stipulation concerning payments previously made on behalf of appellant for medical and other expenses, appellant's attorney acknowledged that appellee's position was that he was not accepting workers' compensation benefits and it was appellant's position that such payments were in the nature of workers' compensation. While this discussion centered around appellee's claim that he was a seaman, it is clear he was claiming he was not covered under the workers' compensation act. We hold that relief under Texas law was not barred by lack of pleadings.

In support of its claim that the Texas workers' compensation provided the exclusive remedy in this case, Michael D. Brown, president of Brown Services, testified that on the occasion of appellee's injury, a policy of workers' compensation insurance was in effect which covered appellee. Tex.Rev. Civ.Stat.Ann. art. 8306, Sec. 3a (Vernon Supp.1989) provides that employees of a subscriber (under Texas Workmen's Compensation) shall have no right of action against their employer for damages for personal injuries, but such employees shall look for compensation solely to the association (i.e. workers' compensation insurance carrier). Appellee points out that Tex.Rev. Civ.Stat.Ann. art. 8308, Sec. 19 (Vernon 1967) provides that every subscriber under Texas Workmen's Compensation Act shall give notice in the manner proscribed by the board (Industrial Accident Board) to all persons under contract of hire that he provides workers' compensation insurance. From the earliest days of the Texas workmen's compensation laws, it was held that an employer who failed to provide proper notice was not a subscriber under the Act. *Farmers' Petroleum Co. v. Shelton,* 202 S.W. 194, 196 (Tex.Civ.App.—Beaumont 1918, writ ref'd); *Kampmann v. Cross,* 194 S.W. 437, 440 (Tex.Civ.App.—San Antonio 1917, writ ref'd). This doctrine was reaffirmed as late as 1985 in *Ferguson v.*

*Hospital Corporation International, Ltd.,* 769 F.2d 268 (5th Cir.1985). This case contains an excellent discussion of the development of the law relating to basic principles of workers' compensation and the historical importance of provisions of notice of subscriber status to employees. *Ferguson* concludes that failure of an employer to comply with any of the notice provisions bars him from claiming subscriber status under the act and, thus, such employer cannot successfully assert that the employees' remedies are limited to the exclusive remedy of workers' compensation. *Ferguson,* 769 F.2d at 272–73.

The trial court found that appellant produced no evidence that it provided notice of worker's compensation coverage to its employees before the date of injury, or that they received actual or constructive notice of such coverage before the date of injury, or that anyone notified the Industrial Accident Board of any such coverage before the date of injury. It concluded that appellant was barred from claiming subscriber status by its failure to comply with the notice provisions, failure to establish subscriber status at the time of appellee's injury prohibits it from claiming that appellee's remedies are limited to worker's compensation, and that any post-injury notice could not cure non-compliance with the notice provisions or deprive appellee of his common law action.

We have found no evidence in the record that pre-injury notice was given, nor has appellant referred us to any.

Tex.R.Civ.P. 94 provides that a party shall set forth affirmatively in his pleadings any matter constituting avoidance or an affirmative defense. An affirmative defense must be pleaded and proved by a party relying on it. *Liberty Mutual Insurance Co. v. Woody,* 640 S.W.2d 718, 720 (Tex.App.—Houston [1st Dist.] 1982, no writ).

The assertion that appellee's common law remedies under Texas law are not available because his employer was a subscriber under Texas Workmen's Compensation law is a matter of avoidance and an

affirmative defense. The burden was on appellant to establish same. This burden was not met. We therefore hold that since appellant failed to establish that it complied with the notice requirements as required by the Workmen's Compensation Act, Tex. Rev.Civ.Stat.Ann. art. 8308, Sec. 19 (Vernon 1967), it failed to establish itself as a subscriber under the Act and cannot claim that the Act is the exclusive remedy under Texas law for its employee's injury. Appellant claims that *Eckman v. Centennial Savings Bank*, 32 Tex.Sup.Ct.J. 46 (October 26, 1988), shows that it did not need to prove compliance with the notice provisions in the absence of appellee's having raised the issue. The plaintiff in *Eckman* had failed to plead and prove assets less than $25 million, which would have qualified him to be a "business consumer" under the DTPA. The Supreme Court held that under the DTPA, the party claiming that special status needed to plead and prove it. While we do not think the DTPA case is on point, a broad analogy could be made that a person claiming the benefits of a statute or special legal status should plead and prove that it applied. We point out that every employee retains his common law rights unless the employer becomes a subscriber, which is elective. *See Consolidated Underwriters v. King*, 325 S.W.2d 127, 129 (Tex.1959). Unless the employer shows, or the parties agree, that he is a subscriber, a court cannot assume so. We overrule point three.

◼ Appellant's fourth point contends that the trial court erred in failing to credit the $1,400,000 settlement against the judgment, in finding and concluding that it had elected a percentage of negligence credit.

The trial court found that appellant elected a percentage credit. In its Motion for Judgment, it argues that Reading and Amoco were negligent and responsible for the injury, and credit is accordingly owed it "for the settlement of their share of responsibility." At trial, appellant offered evidence of their negligence, which it summarizes in that section of the Motion for Judgment. We uphold the finding.

By cross-point, appellee asks us to affirm the judgment on his alternative Texas common law theory of negligence. We have decided under point three that appellant was not protected by Workers' Compensation subscriber status.

◼ When a party obtains favorable findings on alternate theories, it may obtain judgment on the theory entitling him to the greatest or most favorable relief. *Boyce Iron Works, Inc. v. Southwestern Bell Telephone Co.*, 747 S.W.2d 785, 787 (Tex.1988). The court should use the findings affording the greater recovery and render judgment accordingly. *Birchfield v. Texarkana Memorial Hospital*, 747 S.W.2d 361, 367 (Tex.1988); Tex.R.Civ.P. 301; *see K-Mart Corp. v. Martinez*, 761 S.W.2d 522, 525 (Tex.App.—Corpus Christi 1988, writ denied). If the judgment is reversed on appeal, the party may seek recovery under the alternative theory. *See Boyce Iron Works*, 747 S.W.2d at 787.

◼ Under Texas law, when a defendant elects a percentage credit, the amount paid in settlement is irrelevant, and the successful plaintiff is entitled to recover the proportionate share from that defendant regardless of payments by others. *See Cypress Creek Utility Service Co. v. Muller*, 640 S.W.2d 860, 864–65 (Tex.1982); *Chemical Express Carriers, Inc. v. French*, 759 S.W.2d 683, 691 (Tex.App.—Corpus Christi 1988, writ denied).

We overrule point four, sustain appellee's cross-point, and AFFIRM the judgment.