Della W. HARRIS, Appellant,

v.

VARO, INC., Appellee.

No. 05–90–00634–CV.

Court of Appeals of Texas, Dallas.

Aug. 5, 1991.

C. Hamilton Huckleberry, Alvin R. Granoff, Dallas, for appellant.

Keith Glover, George R. Carton, Jr., Dallas, for appellee.

Before STEWART, WHITTINGTON and MALONEY, JJ.

## OPINION

MALONEY, Justice.

Della W. Harris appeals a summary judgment rendered for Varo, Inc. In four points of error, Harris contends the trial court erred in: (1) finding that Varo conclusively established each element of its affirmative defense; (2) considering Varo's affidavit proof and deposition testimony; (3) disregarding her equitable estoppel defense; and (4) granting summary judgment on all of her causes of action. We affirm in part, and reverse and remand in part.

## FACTUAL BACKGROUND

Harris was employed by Varo. In December 1981, she was injured returning to work from her lunch break. She stepped in a pothole in Varo's parking lot. She stumbled and fell down a flight of stairs. Harris initially filed a workers' compensation claim against Northern Assurance Company of America. The Industrial Accident Board (IAB) denied her claim on April 18, 1983. The IAB found "that the evidence submitted fail[ed] to establish that

the claimant sustained a compensable injury in the course of employment herein as alleged." Harris appealed the IAB's ruling to the district court on May 19, 1983. On May 7, 1986, Harris non-suited that action with prejudice. The trial court subsequently denied her motion to reinstate the cause of action.

On December 15, 1983, Harris filed this premises liability suit against Varo. This suit relies on the same injury that was the basis of her workers' compensation claim. Varo answered and filed a motion for summary judgment. The motion alleged that the exclusivity provision of the Workers' Compensation Act (Act) was a bar to Harris's cause of action.

Harris then amended her pleadings to include a cause of action for fraud. She also filed a "Motion for Summary Judgment and Response to Defendant's Motion for Summary Judgment." This motion attacks Varo's summary judgment proof. The trial court entered summary judgment for Varo. It is from this judgment that Harris appeals.

### STANDARD OF REVIEW

#### a. Summary Judgment

Summary judgment is proper only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c). The standard for reviewing a motion for summary judgment is as follows:

1. The movant for summary judgment has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law.
2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true.
3. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

■ A defendant must disprove one element of the plaintiff's cause of action to prevail on summary judgment. *Traylor v. Unitedbank Orange*, 675 S.W.2d 802, 804 (Tex.App.—Beaumone 1984, writ ref'd n.r.e.). The summary judgment proof must establish as a matter of law that there is no genuine issue of material fact on one or more of the essential elements of the cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970).

■ When a movant relies on an affirmative defense, it must expressly plead and prove all essential elements of that defense as a matter of law. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex. 1984). A matter is conclusively established only if ordinary minds cannot differ about the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex.1982).

### NATURE OF THE CASE

This controversy arises over the identity of Varo's insurance carrier at the time of Harris's accident. Varo first named Commercial Union Assurance Company as its workers' compensation carrier. Next, Varo identified Northern Assurance Company of America as its carrier before the IAB. Later, Varo designated Employers' Fire Insurance Company as its carrier.

Varo apparently changed its workers' compensation insurance from Northern Assurance to Employers' Fire before Harris's accident. No one notified the IAB of the change in carriers. Varo contends any confusion was inadvertent and occurred because Northern Assurance and Employers' Fire are both subsidiaries of Commercial Union. Moreover, Varo urges that Harris suffered no harm from this confusion.

Harris contends that Varo's actions were deceptive. She alleges this "deception" was intentional and has either already caused or may cause a future denial of recovery for her injuries. She urges that Varo "not be allowed to profit by its deception." She also argues that it would be "a miscarriage of justice" to allow the Act's exclusivity provision to defeat her cause of action.

## SUMMARY JUDGMENT EVIDENCE

### a. Affidavits

In her second point of error, Harris argues that the trial court erred in considering Varo's affidavit proof and deposition testimony. She asserts that the best evidence rule excludes the affidavits of Howard Lydick, corporate representative of Varo, and Dick Massey, senior claim supervisor at Northern Assurance. She also contends the best evidence rule excludes the affidavit of Judge Marshall, the trial judge in Harris's suit against Northern Assurance. Additionally, she maintains that Judge Marshall's affidavit is "secondary evidence." Finally, she asserts that her deposition is not proper summary judgment proof because it was neither filed with the court, supported by affidavit, nor properly authenticated.

■ The best evidence rule requires the original writing only when the evidence is to prove the *contents* of the original writing. *Lotspeich v. Chance Vought Aircraft*, 369 S.W.2d 705, 711 (Tex.Civ.App.—Dallas 1963, writ ref'd n.r.e.). An employer may prove the *existence* of a certain type of insurance policy by affidavit. *Id.*

Lydick and Massey submitted affidavits asserting that Northern Assurance was Varo's workers' compensation carrier at the time in question. The best evidence rule does not prevent consideration of the Lydick and Massey affidavits.

■ The affidavit of Judge Marshall asserts his explanation of Harris's dismissal of her suit against Northern Assurance. The best evidence rule does not require the exclusion of Judge Marshall's affidavit. *Id.* However, we do agree that Judge Marshall's opinion regarding the reason Harris dismissed her suit against Northern Assurance is a legal conclusion. Legal conclusions are not proper summary judgment proof. *Simpson v. MBank Dallas, N.A.*, 724 S.W.2d 102, 108 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). Moreover, his opinion has no bearing on the issues at hand. Therefore, we will not consider it.

### b. Depositions

■ Varo submitted a copy of a portion of Harris's deposition as summary judgment proof. Copies or excerpts of depositions are admissible only if they are certified by the court reporter and verified by the attorney. *See Deerfield Land Joint Venture v. Southern Union Realty Co.*, 758 S.W.2d 608, 610 (Tex.App.—Dallas 1988, writ denied). Varo did not attach an attorney's affidavit certifying the truthfulness and correctness of the copied materials. We sustain Harris's complaints regarding the admissibility of her deposition.

### c. Conclusion

We have determined that Judge Marshall's affidavit and the copy of Harris's deposition are not proper summary judgment evidence. However, the remaining evidence submitted by Varo is sufficient to establish the existence of its workers' compensation insurance policy.

## WORKERS COMPENSATION ACT

### a. Exclusivity Provisions

In her first point of error, Harris attacks Varo's status under the Act. She contends that Varo's failure to notify the IAB of its change of carriers caused Varo to lose its status as a "subscriber." Therefore, she argues that Varo lost its right to assert the defenses provided by the Act.

Only a subscriber can assert that workers' compensation provides the employee's exclusive remedy. *Brown Services, Inc. v. Fairbrother*, 776 S.W.2d 772, 775 (Tex. App.—Corpus Christi 1989, writ denied). An employer becomes a subscriber by filing IAB Form 20, which identifies its workers' compensation insurance carrier, with the IAB. *Ferguson v. Hospital Corp. Int'l, Ltd.*, 769 F.2d 268, 273 (5th Cir.1985).

■ The provisions of the Act at the time of the accident determine the rights and duties of the parties. *See Consolidated Casualty Ins. Co. v. Smith*, 309 S.W.2d 80, 84 (Tex.Civ.App.—Houston 1958, writ ref'd n.r.e.); *see also Simpson v. Texas Employers Ins. Ass'n*, 519 S.W.2d 209, 213 (Tex.Civ.App.—Fort Worth 1975, writ ref'd

n.r.e.). Harris's accident occurred in December 1981. At that time article 8308, sections 18a and 20a provided:

> Sec. 18a. Whenever any employer of labor in this State becomes a subscriber to this law, he or the insurance company shall immediately notify the Board of such fact, stating in such notice his name, place of business, and the name of the insurance company carrying his insurance, and the effective date of the policy. *No further notice shall be required except as provided in Section 20a hereof.* Such subscriber's notice shall be acknowledged by the insurance company. Any employer or association willfully failing or refusing to make any such report shall be liable for and shall pay to the State of Texas a penalty of not more than one thousand dollars for each offense. The Executive Director of the Board shall notify the Board of any willful failure or refusal to comply with this Section and after notice and hearing, the Board shall make a finding and if said finding is against the employer or association assess a penalty not to exceed one thousand dollars. The employer or association may appeal the Board's ruling de novo as provided in Section 5, Article 8307, Revised Civil Statutes of Texas, 1925, as amended. The Board's ruling if adverse to the employer or association and not appealed as provided above shall be enforced as provided in Section 5a, Article 8307, Revised Civil Statutes of Texas, 1925, as amended.

> Sec. 20a. If the association cancels a policy or does not renew it on its anniversary date, the association shall send notice of the cancellation or nonrenewal to the subscriber by certified mail at least 10 days prior to the effective date of cancellation or nonrenewal and to the board by certified mail or in person on or before the date of cancellation or nonrenewal. Failure of the association to give the notice as required by this section shall extend the policy until the required notice is given to the subscriber and to the Industrial Accident Board.

Act of May 18, 1979, 66th Leg., R.S., ch. 601, §§ 1 & 2, 1979 Tex.Gen.Laws 1299, 1299–1300 (emphasis added).

Section 18a provides that an employer becomes a subscriber by giving notice to the IAB. Section 20a contains the required notice for change of carriers. This section provides that it is the duty of the insurance company, not the employer, to give notice of nonrenewal or cancellation. The existing policy remains in effect until the IAB receives notice of a change of carriers.

■ Harris relies on *Ferguson* and *Fairbrother* in support of her argument that Varo lost its subscriber status. However, neither *Ferguson* nor *Fairbrother* support Harris's contention. In both *Ferguson Fairbrother*, the employers were denied subscriber status because they did not comply with *any* of the notice requirements of the Act. *Ferguson*, 769 F.2d at 273; *Fairbrother*, 776 S.W.2d at 775. When Varo provided its initial notice to the IAB, it complied with *all* of the notice requirements of the Act. Varo did not lose its subscriber status when it changed insurance carriers. We overrule Harris's first point of error.

### b. Equitable Estoppel

Harris asserted the affirmative defense of estoppel in answer to Varo's affirmative defense that the exclusivity provision of the Act barred Harris's suit. In her third point of error, Harris contends the trial court erred in disregarding her equitable estoppel defense. She alleges that Varo's misrepresentations were intentional and those misrepresentations prevent Varo from asserting its affirmative defense. She further argues that her summary judgment evidence raised fact issues on her estoppel theory.

■ The elements of the defense of equitable estoppel are: (1) a false representation or concealment of a material fact; (2) made with actual or constructive knowledge of the fact; (3) to a party without knowledge or the means of knowledge of the fact; (4) with the intention that the party act on the representation; and (5) the party must have relied upon or acted on it

to his prejudice. *Cook v. Smith*, 673 S.W.2d 232, 235 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). If Harris can establish that there is a fact issue on each element of her affirmative defense, she is entitled to a trial on those factual issues. *Randall v. Dallas Power & Light Co.*, 745 S.W.2d 397, 399 (Tex.App.—Dallas 1987), *rev'd on other grounds*, 752 S.W.2d 4 (Tex.1988); *see also Nichols v. Smith*, 507 S.W.2d 518, 520–21 (Tex.1974); *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex.1972).

It is undisputed that Varo initially represented that Commercial Union was its workers' compensation carrier. Next, Varo maintained that Northern Assurance was its carrier at the time in question. Varo now admits that Employers' Fire was its carrier at all times relevant to this suit. Neither party disputes that Varo had actual or constructive knowledge of the identity of its carrier. Nor do the parties dispute that Harris did not have knowledge of that fact.

Varo contends Harris did not raise a fact issue on either Varo's intent to deceive or whether Harris relied on any misrepresentation to her detriment. Harris asserts that her evidence shows that Varo misrepresented the identity of its carrier with the intent to deceive her. She points out that Varo's workers' compensation policy contains a clause that adjusts the premiums by an "experience modification." The experience modification clause takes into consideration Varo's loss ratio. Harris contends Varo made the misrepresentations to prevent her filing a claim with Employers' Fire and thereby causing an increase in Varo's premiums. She also contends that her reliance on Varo's misrepresentation may preclude her from maintaining an action against Employers' Fire.

We determine that Harris has not established that there is a fact issue on the detrimental reliance element of estoppel. At the time in question, section 20a of article 8308 provided that the insurance company had the duty to give notice of cancellation or nonrenewal. Act of May 18, 1979, 66th Leg., R.S., ch. 601, §§ 1 & 2, 1979 Tex.Gen.Laws 1299, 1299–1300. The insurance company remains liable until it gives the required notice.

Northern Assurance failed to notify the IAB that it was no longer Varo's carrier. Consequently, Northern Assurance remained liable under the Act. Harris correctly made her workers' compensation claim against Northern Assurance.

Harris relies on *Randolph v. United States Fire Insurance Co.*, 643 S.W.2d 471 (Tex.App.—Eastland 1982, writ ref'd n.r.e.), to support her claim that she is entitled to proceed against Employers' Fire. *Randolph* held that, where two IAB Form 20s were on file at the time of injury, the claimant was entitled to proceed against both carriers before the IAB and on appeal. *Id.* at 473. We find *Randolph* of no aid to Harris.

Because Harris filed her claim against the correct carrier, we hold that as a matter of law Harris has not shown that she has been harmed by any misrepresentation by Varo. Harris has not raised a fact issue on each element of estoppel. Therefore, the trial court correctly rendered summary judgment for Varo. We overrule Harris's third point of error.

## INTENTIONAL TORT

In her fourth point of error, Harris contends that the exclusivity defense is not available against an intentional injury and that Varo's motion for summary judgment did not address her fraud cause of action. Consequently, she argues that the trial court erred in granting summary judgment on the whole case.

Varo asserts that the exclusivity provision of the Act bars Harris's cause of action for the intentional tort of fraud. Varo contends that there must be a causal connection between the physical injuries of the employee and the intentional tort of the employer. In other words, Varo maintains Harris must show that Varo "intentionally injured [her] by making her fall down the flight of stairs." Varo cites the following cases as controlling: *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F.2d 759

**526**

(5th Cir.1984); *Rodriguez v. Naylor Indus., Inc.,* 763 S.W.2d 411 (Tex.1989); *Reed Tool Co. v. Copelin,* 689 S.W.2d 404 (Tex. 1985); *Massey v. Armco Steel Co.,* 652 S.W.2d 932 (Tex.1983); *Vargas v. Diamond Shamrock,* 732 S.W.2d 756 (Tex.Civ. App–Corpus Christi 1987, no writ); *Bennight v. Western Auto,* 670 S.W.2d 373 (Tex.App.—Austin 1984, writ ref'd n.r.e.); *Fidelity & Casualty Co. v. Shubert,* 646 S.W.2d 270 (Tex.Civ.App.—Tyler 1983, writ ref'd n.r.e.). Varo isolates the "running theme" of all "controlling cases"—for an intentional tort to defeat the exclusivity provision of the Act, the employer must intend that the employee be injured and the specific injury occur. Varo does not cite *Aranda v. Insurance Co. of North America,* 748 S.W.2d 210 (Tex.1988).

■ In *Aranda,* the court determined that the exclusivity provision of the Act bars only those claims that are based on job-related injuries. *Id.* at 214. An employee is not barred from bringing a *separate* claim against a carrier for breach of the duty of good faith and fair dealing. *Id.* We do not perceive any meaningful distinction between a suit against an insurance carrier for breach of the duty of good faith and fair dealing and a suit against an employer for fraudulent misrepresentations concerning its insurance coverage. Harris's cause of action for fraud is wholly separate from her claim seeking recovery for her physical injuries. Consequently, we hold that the exclusivity provision of the Act does not bar Harris's claim against Varo for the intentional tort of fraud.

■ Moreover, a defendant's motion for summary judgment must identify and address each of the plaintiff's causes of action in order to dispose of the entire case. *Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 27 (Tex.1990); TEX.R.CIV.P. 166a(c). Varo neither amended nor supplemented its motion for summary judgment after Harris amended her petition to allege fraud. Therefore, Varo's motion could not and did not identify or address Harris's fraud cause of action. The trial court erred in granting the motion for summary judgment on Harris's fraud cause of action. We sustain Harris's fourth point of error.

We reverse that portion of the trial court's judgment concerning Harris's fraud cause of action and remand the fraud cause of action for further proceedings. We affirm the trial court's judgment in all other respects.