In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00121-CV
______________________________


WILLIAM "BO" BEAN, JR., Appellant
Â 
V.
Â 
REYNOLDS REALTY GROUP, INC., AND
RICHARD REYNOLDS, WILLIAM J. FUERST, AND
JACK W. GOODING, INDIVIDUALLY AND AS
OFFICERS AND DIRECTORS OF
REYNOLDS REALTY GROUP, INC., Appellees


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 102nd Judicial District Court
Bowie County, Texas
Trial Court No. 03C0256-102


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Before Ross, Carter, and Cornelius,* JJ.
Opinion by Justice Carter
Morriss, C.J., Not Participating


O P I N I O N

Â Â Â Â Â Â Â Â Â Â Â Â William "Bo" Bean, Jr., appeals from a take-nothing summary judgment rendered in his
lawsuit against Reynolds Realty Group, Inc., and Richard Reynolds, William J. Fuerst, and Jack W.
Gooding, Individually and as Officers and Directors of Reynolds Realty Group, Inc. (Reynolds), and
against the corporation itself. The undisputed facts show that Bean was one of four directors of the
corporation, and an owner of twenty-five percent of the common stock, and that the corporation is
a Texas Close Corporation. The Shareholder Agreement is dated March 2001.
Â Â Â Â Â Â Â Â Â Â Â Â The major focus of Bean's argument rests on his contention that the other directors acted in
a way not permitted by the Shareholder Agreement by creating bylaws over his objections. Bean
argues that, by so doing, the other directors substituted bylaws for the Shareholder Agreementâand
that this was improper because the Agreement provided that it could not be modified unless all
parties agreed in writing. 
Â Â Â Â Â Â Â Â Â Â Â Â Summary judgment evidence shows that, after some disagreement about the propriety of
some of Bean's behavior, the appellees barred Bean from access to the offices of the corporation and
from its assets November 11, 2002. Further, the appellees held a meeting of the stockholders
December 30, 2002, and over Bean's objections, adopted bylaws to replace the Shareholder
Agreement. Nearly a year later, on November 7, 2003, a stockholders' meeting was held, with all
four present, and the corporation was dissolved.
Â Â Â Â Â Â Â Â Â Â Â Â There is evidence that, at dissolution, the intention was to liquidate the assets of this
corporation and divide them among the four stockholders. Bean alleged that the controlling
stockholders neither created a schedule for distribution, nor distributed its assets, and that the
remaining trio formed a separate entity that he believes used all the assets (including furniture,
equipment, and cash) of the Group.
Procedural Problems
Â Â Â Â Â Â Â Â Â Â Â Â We first recognize that Reynolds filed a motion for summary judgment that contains no
grounds on which the trial court could grant a judgment. Rather than filing a motion for summary
judgment setting out grounds, Reynolds filed a pro forma motion simply alleging that "there is no
evidence to support the plaintiff's causes of actions and allegations." Reynolds also filed a brief with
attachments. In response, Bean filed only a denial with attachments. This is not proper practice. 
Â Â Â Â Â Â Â Â Â Â Â Â An appellate court errs in affirming the trial court's judgment when a motion for summary
judgment states no grounds. McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 344 (Tex.
1993). "Specific grounds for summary judgment must be expressly presented in the motion for
summary judgment itself and not in a brief filed contemporaneously with the motion or in the
summary judgment evidence because a 'brief in support' of a motion is not a motion, answer, or
response as contemplated by Texas Rule of Civil Procedure 166a." Id. at 339; Protective Life Ins.
Co. v. Russell, 119 S.W.3d 274, 285 (Tex. App.âTyler 2003, pet. denied). The term "grounds"
refers to the reasons entitling the movant to summary judgment. McConnell, 858 S.W.2d at 339. 
Even a no-evidence summary judgment motion must allege that there is no evidence of an essential
element of the adverse party's claim. Southwestern Elec. Power Co. v. Grant, 73 S.W.3d 211, 215
(Tex. 2002). The motion must state the elements as to which there is no evidence. Tex. R. Civ. P.
166a(i). A motion that merely states there is no evidence to support the other party's claim is
insufficient. If the motion is not specific in challenging a particular element of a claim or defense,
it is insufficient as a matter of law. See Abraham v. Ryland Mortgage Co., 995 S.W.2d 890, 892
(Tex. App.âEl Paso 1999, no pet.).
Â Â Â Â Â Â Â Â Â Â Â Â Even if the nonmovant fails to except or respond, if the grounds for summary judgment are
not expressly presented in the motion for summary judgment itself, the motion is legally insufficient
as a matter of law. The Texas Supreme Court has concluded that Rule 166a(c) does not require a
nonmovant to except to the legal sufficiency of a traditional motion for summary judgment. 
McConnell, 858 S.W.2d at 342. Several of our sister courts have applied McConnell to a
no-evidence motion for summary judgment. We agree with the majority of the courts that have
considered the issue, that the sufficiency of a no-evidence summary judgment motion may be
challenged for the first time on appeal.


 Cimarron Hydrocarbons Corp. v. Carpenter, 143 S.W.3d
560, 564 (Tex. App.âDallas 2004, pet. denied); In re Estate of Swanson, 130 S.W.3d 144, 147
(Tex. App.âEl Paso 2003, no pet.); Crocker v. Paulyne's Nursing Home, Inc., 95 S.W.3d 416, 419
(Tex. App.âDallas 2002, no pet.); Cuyler v. Minns, 60 S.W.3d 209, 213 (Tex. App.âHouston
[14th Dist.] 2001, pet. denied); Callaghan Ranch, Ltd. v Killam, 53 S.W.3d 1, 3â4 (Tex. App.âSan
Antonio 2000, pet. denied). Reynolds' motion did not comply with these requirements and is
insufficient as a matter of law. 
Â Â Â Â Â Â Â Â Â Â Â Â Further, the Texas Supreme Court has held that summary judgment cannot be granted except
on the grounds expressly presented in the motion. Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d
193, 204 (Tex. 2002); Trebesch v. Morris, 118 S.W.3d 822, 827 (Tex. App.âFort Worth 2003, pet.
denied). We, therefore, cannot affirm the summary judgment on a basis not stated in Reynolds'
motion. See McConnell, 858 S.W.2d at 339; Vansteen Marine Supply, Inc. v. Twin City Fire Ins.
Co., 93 S.W.3d 516, 520 (Tex. App.âHouston [14th Dist.] 2002, pet. denied).
Â Â Â Â Â Â Â Â Â Â Â Â Thus, we are confronted with a motion of the type that is insufficient as a matter of law. The
motion contains no grounds on which the summary judgment could be granted. We are also
confronted with the general rule that an appellate court may not reverse a judgment for a reason not
raised in a point of error. See Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993); Vawter v.
Garvey, 786 S.W.2d 263, 264 (Tex. 1990) (summary judgment); Segal v. Emmes Capital, L.L.C., 
155 S.W.3d 267, 272 (Tex. App.âHouston [1st Dist.] 2004, pet. dism'd).
Â Â Â Â Â Â Â Â Â Â Â Â Bean presents a general point on appeal. The Texas Supreme Court has held that a general
point of error stating that "the trial court erred in granting [the] motion for summary judgment" will
allow the nonmovant to dispute on appeal all possible grounds for the judgment. Plexchem Int'l, Inc.
v. Harris County Appraisal Dist., 922 S.W.2d 930 (Tex. 1996); Malooly Bros., Inc. v. Napier, 461
S.W.2d 119, 121 (Tex. 1970). This Court has previously concluded it has the discretion to allow an
appellant who advances only a general point of error in his or her brief, but who fails to argue all
grounds the movant advanced at trial, to challenge the unargued grounds on appeal. Stevens v. State
Farm Fire & Cas. Co., 929 S.W.2d 665, 670 (Tex. App.âTexarkana 1996, writ denied).
If the appellee "waives" a ground by not arguing it on appeal, this would relieve the
movant of its burden even though Malooly seems to allow a single general point of
error to bring all possible grounds into issue. Strictly following that rule, we would
be required to affirm the summary judgment even if the trial court erred on a ground
not argued on appeal, and even though the general point of error is sufficient to attack
all grounds.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â . . . . 
Â 
If a general point of error simply is a request for the appellate court to conduct a
deÂ novo review of the trial court's judgment, the appellate court can, as a practical
matter, step into the trial court's shoes and can, by reviewing the pleadings and
evidence as raised in the motion and response, determine whether the trial court
properly granted judgment. The appellee still must meet its appellate burden of
showing that no genuine issue of material fact exists and that it is entitled to
judgment as a matter of law. 
Id. at 669â70.
Â Â Â Â Â Â Â Â Â Â Â Â This case is unique in that the motion itself set forth no grounds on which a trial court could
grant a summary judgment. Since it is not necessary to object at trial to a motion for summary
judgment that is legally insufficient, we conclude we have the discretion to consider the legal
insufficiency of the summary judgment motion even though the issue is only raised by a general
point of error. We choose to exercise that discretion in this case. 
Â Â Â Â Â Â Â Â Â Â Â Â Because of the complete inadequacy of the motion for summary judgment, we conclude the
trial court erred by rendering judgment thereon, and we reverse the judgment in its entirety.
Â Â Â Â Â Â Â Â Â Â Â Â We also note, in passing, other procedural shortfalls. First, we observe that Bean filed an
amended petition that was evidently disregarded by Reynolds in preparing his motion for summary
judgment. That petition added several specific causes of action that were not addressed by the brief
attached to the motion for summary judgment. 
Â Â Â Â Â Â Â Â Â Â Â Â A summary judgment movant may not (as a matter of law) be granted judgment on a cause
of action not addressed in a summary judgment proceeding. Jacobs v. Satterwhite, 65 S.W.3d 653,
656 (Tex. 2001). Thus, if the plaintiff amends the petition to add new causes of action after being
served with a motion for summary judgment, the defendant must file an amended or supplemental
motion to address the newly-pleaded causes of action. See Johnson v. Rollen, 818 S.W.2d 180, 183
(Tex. App.âHouston [1st Dist.] 1991, no writ); Harris v. Varo, Inc., 814 S.W.2d 520, 526 (Tex.
App.âDallas 1991, no writ). If the defendant fails to address the newly-pleaded causes of action,
summary judgment may not be granted, as a matter of law, on the additional causes of action. Avary
v. Bank of Am., N.A., 72 S.W.3d 779, 791 (Tex. App.âDallas 2002, pet. denied); see Harris, 814
S.W.2d at 526. Thus, even if we considered Reynolds' brief as a motion, summary judgment on all
of Bean's claims save only the bylaws argument raised in the initial petition and addressed in the
brief attached to Reynolds' motion for summary judgment was improper. See Espalin v. Children's
Med. Ctr. of Dallas, 27 S.W.3d 675, 688 (Tex. App.âDallas 2000, no pet.) ("A summary judgment
that purports to dispose of causes of action not addressed in the summary judgment motion is
erroneous.").



Â Â Â Â Â Â Â Â Â Â Â Â In the amended petition, which superseded the original petition, Bean asked the trial court
to order the corporation to return to him his one-fourth of the net company assets (as explained in
detail in a number of other paragraphs) as of the time he was locked out of the business, and asked
the court to appoint a receiver because, despite the unanimous decision at a stockholders' meeting
to dissolve the corporation and distribute those assets, the controlling stockholders had not done so. 
Bean further requested indemnity by the appellees for all actions taken by them after November 11,
2002. He further prayed for judgment against the appellees, jointly and severally, for hotel and
convention expenses, and for $5,040. 00 for a real estate commission. Even the brief accompanying
the motion for summary judgment did not address those issues in any respect.
Â Â Â Â Â Â Â Â Â Â Â Â In a further procedural shortfall, we must also recognize that a party may normally appeal
only from final orders or judgments. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). 
"[A] judgment issued without a conventional trial is final for purposes of appeal if and only if either
it actually disposes of all claims and parties then before the court, regardless of its language, or it
states with unmistakable clarity that it is a final judgment as to all claims and all parties." Id. at
192â93. Here, the summary judgment explicitly states it "finally disposes of all parties and claims
and is appealable." When, as in this case, a defendant moves for summary judgment on only one of
multiple claims asserted by the plaintiff, but the trial court renders judgment that the plaintiff take
nothing on all claims asserted, the judgment is indeed finalâerroneous, but final. Id. at 200. A
judgment that grants more relief than a party is entitled to is subject to reversal, but it is not, for that
reason alone, interlocutory. Id. 
Â Â Â Â Â Â Â Â Â Â Â Â In this case, the brief accompanying the motion for summary judgment did not address all
of Bean's claims for relief.


 Thus, the judgment, though apparently final on its face and thus
appealable, is erroneous.
Â Â Â Â Â Â Â Â Â Â Â Â We reverse the judgment and remand the case to the trial court for further proceedings.
Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â February 15, 2006
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â May 9, 2006



le-rowband-size:0;
 mso-tstyle-colband-size:0;
 mso-style-priority:59;
 mso-style-unhide:no;
 border:solid black 1.0pt;
 mso-border-themecolor:text1;
 mso-border-alt:solid black .5pt;
 mso-border-themecolor:text1;
 mso-padding-alt:0in 5.4pt 0in 5.4pt;
 mso-border-insideh:.5pt solid black;
 mso-border-insideh-themecolor:text1;
 mso-border-insidev:.5pt solid black;
 mso-border-insidev-themecolor:text1;
 mso-para-margin:0in;
 mso-para-margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Calibri","sans-serif";
 mso-ascii-font-family:Calibri;
 mso-ascii-theme-font:minor-latin;
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-hansi-font-family:Calibri;
 mso-hansi-theme-font:minor-latin;}











 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-09-00229-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  BRANDON DAVID RILEY,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 3rd Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Anderson
County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial
Court No. 28331

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Carter








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Brandon David
Riley pled guilty to driving while intoxicated (DWI) and was sentenced
to five yearsÂ incarceration.[1]Â  His sentence was suspended, and he was placed
on community supervision for a period of five years.Â  Subsequently, the trial court revoked
community supervision and imposed a five-year sentence of imprisonment.Â  Riley filed a single brief in the appeal of
this case and a companion case.Â  However,
his appellate brief states that we Âshould affirm the felony DWI.ÂÂ  Our review of RileyÂs brief clarifies that
all arguments on appeal relate to our companion cause number 06-09-00230-CR.Â  Consequently, the trial courtÂs judgment in
this cause is affirmed.Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Jack
Carter

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  November
23, 2010

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  November
24, 2010

Â 

Do Not PublishÂ Â Â Â Â Â Â Â Â Â  

Â 

Â 

Â 

Â 

Â 











[1]Originally appealed to the Twelfth Court of Appeals,
this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.Â  See Tex.
GovÂt Code Ann. Â§ 73.001 (Vernon 2005).Â 
We are unaware of any conflict between precedent of the Twelfth Court of
Appeals and that of this Court on any relevant issue.Â  See
Tex. R. App. P. 41.3.

Â