Charles W. GIBSON, Appellant,

v.

GROCERS SUPPLY CO., INC., Appellee.

No. B14–92–01286–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 24, 1993.

Joe D. Roth, Livingston, for appellant.

Jeffrey C. Londa, Steven C. Meisgeier, G. Mark Jodon, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

In one point of error, Appellant appeals the trial court's order granting Appellee's motion for summary judgment. He claims that genuine issues of material fact exists as to whether he was Appellee's "borrowed servant," and whether he was on the job at the time of the accident. We affirm.

The standard for reviewing the granting of a motion for summary judgment has been well established. The movant has the burden of proving that there is no genuine issue of material fact, and that he is entitled to judgment as a matter of law. All evidence favorable to the non-movant will be taken as true. Every reasonable inference will be indulged in favor of the non-movant, and any doubts resolved in his favor. *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548–549 (Tex.1985). This Court will not consider evidence that favors the movant *unless* that evidence is uncontroverted. *Marshall v. Toys–R–Us Nytex, Inc.,* 825 S.W.2d 193, 195 (Tex.App.—Houston [14th Dist.] 1992, writ denied); *Great American Reserve Co. v. San Antonio Plumbing Supply,* 391 S.W.2d 41, 47 (Tex.1965).

The judgment can not be affirmed on a ground not raised in the motion for summary judgment. *Marshall* at 195; *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 675 (Tex.1979). However, when the trial court's order granting summary judgment does not specify the ground or grounds relied upon for the court's ruling, the judgment will be affirmed on appeal if any of the theories advanced in the movant's motion are meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989). In this case, the trial court's order failed to specify the ground or grounds relied upon by the court. Therefore, if any of the two theories advanced in Appellee's motion for summary judgment are meritorious, we will uphold the judgment. Appellee first alleged that Appellant's claim for personal injuries were barred, because the Texas Workers' Com-

pensation Act provides the sole remedy for a "borrowed servant" injured in the course and scope of his employment.

The provisions of the Workers' Compensation Act in force at the time of the *accident* determine the rights and duties of the parties. *Harris v. Varo, Inc.*, 814 S.W.2d 520, 523 (Tex.App.—Dallas 1991, no writ). Gibson's accident occurred on December 5, 1990. The new version of the Workers' Compensation Act did not go into effect until January 1, 1991. Therefore, the provisions under the 1989 and earlier statutes apply.

TEX.REV.CIV.STAT.ANN. art. 8306 § 3 (Vernon Supp.1989) *repealed effective January 1, 1991 by* Act of Dec. 13, 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(7), (current version at TEX.REV.CIV.STAT.ANN. art. 8308–4.01, –4.04, –4.05 & –4.07 (Vernon Supp. 1993)), provided that "the employees of a subscriber ... shall have **no right of action** against their employer or against any agent, servant or employee of said employer for personal injuries ... but such employees and their representatives and beneficiaries shall look for compensation solely to the association." (emphasis added). Further, TEX.REV. CIV.STAT.ANN. art. 8309 § 1 (Vernon Supp. 1989) *repealed effective January 1, 1991 by* Act of Dec. 13, 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(15), (current version at TEX.REV. CIV.STAT.ANN. art. 8308–1.03, –3.01, –3.02, –3.05, & –4.10 (Vernon Supp.1993), provided that the term "subscriber" meant "any employer who has become a member of the association by paying the required premium." All that was required for Grocers Supply to become a subscriber under the Act was that it pay the premiums on the workers' compensation insurance. The manner in which the insurance is paid is immaterial, so long as there is a compensation policy in force. See, *Marshall v. Toys–R–Us Nytex, Inc.*, 825 S.W.2d 193, 197 (Tex.App.—Houston [14th Dist.] 1992, writ denied).[1] Appellant does not contest Grocers' uncontroverted affidavits establishing that it was a subscriber under the Act.[2] Appellant only contends that the evidence is insufficient to prove that his injuries occurred on the job, solely because his injuries occurred on the entry ramp to the building and before he had "clocked in" for the day. Appellant also contends that he is an employee of Link Services, and therefore, is not constrained by the Act from suing Appellee. Appellant's workers' compensation benefits paid pursuant to this injury were paid by Link's compensation coverage.

Appellant was hired by Link Personnel Services. He was assigned by Link to work at Grocers Supply. Appellant had been working as a laborer at Grocers Supply's Holcombe warehouse for approximately eight months at the time of his accident. Appellant stated in his deposition[3] that at the time of the accident he was walking up Grocers' ramp to report for work that day. He stated that it was the way he normally came to work.

The benefits of the workers' compensation statute do not generally apply to injuries received going to and from work. However, a well-established exception to this rule is the access doctrine. *Bordwine v. Texas Employers' Ins. Ass'n*, 761 S.W.2d 117, 119 (Tex.App.—Houston [14th Dist] 1988, writ denied). The access doctrine *expands the scope of employment* to include the particular access route or area used by employees in going to and from work. *Bordwine* at 119. Therefore, *if* Appellant was the

---

**1.** In *Marshall v. Toys–R–Us Nytex, Inc.*, 825 S.W.2d 193, 197 (Tex.App.—Houston [14th Dist.] 1992, writ denied), Toys–R–Us employed temporary laborers from Labor Systems, Inc. These employees "were to be covered by workers' compensation insurance which was to be obtained and maintained by Labor Systems." *Marshall* at 197. The facts showed, however, that "the cost of such insurance ... was included in the fee paid to Labor Systems by Toys–R–Us for the temporary employee services." *Marshall* at 197. This Court held that the fact that the check stubs showed Labor Systems as the policyholder was irrelevant. "All that was required for Toys–R–Us to be a subscriber was that it pay the premiums for the insurance." *Marshall* at 197.

**2.** Grocers included uncontroverted affidavits in its motion for summary judgment, establishing that the cost of insurance was included in the fee paid by Grocers to Link Personnel Services, and that Link did provide such insurance.

**3.** Attached to Appellee's Motion for Summary Judgment as an exhibit.

employee of Grocers at the time of the accident, then the Workers' Compensation Act applies.[4]

Texas courts recognize that the general employee of one employer may become the borrowed servant of another employer. *Marshall v. Toys–R–Us Nytex, Inc.*, 825 S.W.2d 193, 195–196 (Tex.App.—Houston [14th Dist.] 1992, writ denied). The borrowed servant doctrine is applicable in workers' compensation cases, and acts to protect those employers who have the right of control over the manner and details of the employee's work. *Marshall* at 196; *Carr v. Carroll Co.*, 646 S.W.2d 561, 563 (Tex.App.—Dallas 1982, writ ref'd, n.r.e.). The central inquiry becomes "which employer has the right of control of the details and manner in which the employee performed the necessary services." *Carr* at 563. Without a written contract, the right to control is necessarily determined from the facts and circumstances of the project. *Marshall* at 196.

In his deposition, Appellant admitted that:

(1) He did not contact Link to find out where to report to work—he knew to report to Grocers Supply because he was "on a regular ticket for Grocers Supply";

(2) He had reported to Grocers Supply every morning for approximately eight months before the injury;

(3) Grocers Supply set the hours that he worked;

(4) Grocers Supply told him when he could take breaks;

(5) Grocers Supply told him when he could take lunch and how long that lunch could be;

(6) Grocers Supply checked his time cards;

(7) He worked with Grocers Supply employees, and did the same type of work that they did;

(8) Grocer Supply employees showed him how to do the job;

(9) Grocers Supply instructed Appellant as to what jobs he would perform;

(10) Grocers Supply directed him in his day to day jobs;

(11) Grocer Supply supervised his work;

(12) His supervisor, John Lander, was a Grocers Supply employee;

(13) No one from Link gave him instructions on how to perform his job;

(14) If he had a problem with his assignment, he did not contact Link, but contacted his supervisor at Grocers;

(15) Grocers Supply, and not Link, supplied the tools he used to perform his work; and

(16) He attended Grocer Supply's employee safety meetings along with full-time Grocers Supply employees.

Clearly, Grocers Supply had the right of control over the details and manner in which Appellant performed his job. In light of the facts and the applicable law, we hold that the trial court correctly granted summary judgment based upon the Texas Workers' Compensation Act and the borrowed servant doctrine. Accordingly, the judgment of the trial court is affirmed.

---

**4.** We note that Appellant's affidavit attached to his brief stating that he was "not an employee of Grocers Supply Co., Inc., and was not under their supervision or control," is **not** a part of this appellate record. Therefore, we cannot consider it as evidence. *See, Brooks v. Brooks*, 786 S.W.2d 499 (Tex.App.—Houston [14th Dist] 1990, writ denied).