**FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellant,**

v.

**Wesley S. HAILES, Appellee.**

No. 08–97–00213–CV.

Court of Appeals of Texas, El Paso.

April 30, 1998.

Mark Blankenship, Cecil Kuhne, Crenshaw, Dupree & Milam, L.L.P., Lubbock, for Appellant.

Barry L. Hart, Law Office of Barry L. Hart, Odessa, for Appellee.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

### OPINION

McCLURE, Justice.

Fidelity & Casualty Company of New York (Fidelity) appeals from the denial of its motion for summary judgment and the granting of summary judgment in favor of Wesley S. Hailes (Hailes), in a suit brought by Hailes for judicial review of a decision of the Texas Workers' Compensation Commission Appeals Panel. The sole question presented for review is whether the Workers' Compensation Commission may order, pursuant to former Article 8308–4.30 of the Revised Civil Statutes,[1] the reduction of benefits due to a contributing injury which occurred prior to September 1, 1991. We reverse and render.

### FACTUAL AND PROCEDURAL SUMMARY

Hailes filed a claim with the Texas Workers' Compensation Commission for an injury which occurred on April 8, 1993, and as a result of that injury, he received a 31 percent whole body impairment rating. Hailes has received impairment income benefits based upon that claim. Pursuant to Article 8308–4.30, Fidelity requested and received, following a contested case hearing, a 35 percent reduction of Hailes' impairment income benefits and a credit for overpayment of benefits in the sum of $1,961.85 based upon the contributing injury. Hailes appealed the decision of the hearing officer to the Appeals Panel of the Texas Workers' Compensation Commission which affirmed the decision of the hearing officer. Hailes then filed suit for judicial review of the Appeals Panel's decision. Both Fidelity and Hailes moved for

---

1. *See* Acts 1989, 71st Leg., 2nd C.S., ch. 1, § 4.30, 1989 Tex.Gen.Laws 1, 42 [current version found at Tex.Lab.Code Ann. § 408.084 (Vernon 1996)]. For convenience, we will refer throughout the remainder of the opinion to Article 8308–4.30 rather than the session law cite.

summary judgment based upon the following stipulated facts:

(1) Hailes suffered an on-the-job injury while working in the course and scope of his employment at Texas Instruments in Temple, Texas, on October 8, 1981, and the cumulative impact of that injury constitutes and has contributed to 35 percent of his current whole body impairment rating of 31 percent.

(2) Hailes received workers' compensation benefits as a result of that injury; and

(3) If the October 8, 1981 injury constitutes an earlier compensable injury for purposes of contribution, Fidelity is entitled to credit for the benefits it has overpaid in the sum of $1,961.85.

Hailes alleged that contribution is not available under Article 8308–4.30 for an injury which preceded the effective date of the 1989 Act because Article 8308–1.03(10) defines "compensable injury" in terms of injuries which are compensable "under this Act."[2] Fidelity, on the other hand, argued in its motion for summary judgment that it is entitled to contribution for the earlier injury because it was compensable under the prior law. The trial court denied Fidelity's motion for summary judgment and granted that of Hailes. Accordingly, it set aside the decision of the Appeals Panel and rendered judgment that Hailes is entitled to recover benefits based upon his current whole-body impairment rating of 31 percent without reduction due to the earlier injury.

## FIDELITY'S ARGUMENT AND THE STANDARD OF REVIEW

In Points of Error Nos. One through Four, Fidelity challenges the trial court's determination that injuries occurring before September 1, 1991 are not "earlier compensable injuries" or "compensable injuries" within the meaning of former Article 8308–4.30. If

Fidelity is correct, the trial court erred in granting summary judgment in favor of Hailes and in denying Fidelity's motion for summary judgment. Hailes has not filed a brief on appeal.

For summary judgment to be proper, it must be shown that there is no genuine issue of material fact in the case and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 549 (Tex.1985). Matters of statutory construction are legal issues which are appropriate for summary judgment. *Johnson v. City of Fort Worth,* 774 S.W.2d 653, 655–56 (Tex.1989); *Johnson v. Calhoun County Independent School Dist.,* 943 S.W.2d 496, 498 (Tex.App.—Corpus Christi 1997, writ denied). Legal conclusions of a trial court are always reviewable on appeal and are given no deference. *Pulido v. Dennis,* 888 S.W.2d 518, 520 (Tex.App.—El Paso 1994, no writ). As the final arbiter of the law, the appellate court has the power and the duty to independently evaluate the legal determinations of the trial court. *Pulido,* 888 S.W.2d at 520; *Sears, Roebuck and Co. v. Nichols,* 819 S.W.2d 900, 903 (Tex. App.—Houston [14th Dist.] 1991, writ denied).

## THE RELEVANT STATUTES

With the exception of a six-year period between September 1, 1971 and August 28, 1977[3], contribution for a prior injury has been a part of the Texas workers' compensation law since former Article 8306, Section 12c was adopted in 1917. *See* Acts 1917, 35th Leg., R.S., ch. 103, part I, § 12c, 1917 Tex.Gen.Laws 269, 278. Effective September 1, 1991, Article 8306, Section 12c was repealed and its provisions were included in Article 8308–4.30 of the Revised Civil Statutes, which was the statute in effect when Hailes' second injury occurred. Consequent-

---

**2.** Acts 1989, 71st Leg., 2nd C.S., ch. 1, § 1.03(10), 1989 Tex.Gen.Laws 1, 2 [current version found at Tex.Lab Code Ann. § 401.011(10)(Vernon 1996)]. For convenience, we will refer throughout the remainder of the opinion to Article 8308–1.03(10) rather than the session law cite.

**3.** In 1971, Article 8306, § 12c was amended to remove the contribution defense that had been in effect since 1917. Acts 1971, 62nd Leg., R.S., ch. 316, § 1, 1971 Tex.Gen.Laws 1257. Effective August 29, 1977, Article 8306, § 12c was amended to restore that defense. Act of May 28, 1977, 65th Leg., R.S., ch. 801, § 1, 1977 Tex.Gen.Laws 2004.

ly, it is that statute which we must construe.[4] *See Gibson v. Grocers Supply Co., Inc.,* 866 S.W.2d 757, 759 (Tex.App.—Houston [14th Dist.] 1993, no writ)(the provisions of the Workers' Compensation Act in force at the time of the accident determine the rights and duties of the parties); *Harris v. Varo, Inc.,* 814 S.W.2d 520, 523 (Tex.App.—Dallas 1991, no writ)(same).

Article 8308–4.30 provided:

(a) At the request of the insurance carrier, the commission may order that impairment income benefits and supplemental income benefits be reduced in a proportion equal to the proportion of a documented impairment that resulted from *earlier compensable injuries.* [Emphasis added].

(b) The commission shall consider the cumulative impact of the *compensable injuries* on the employee's overall impairment in determining a reduction under this section. [Emphasis added].

(c) If the combination of the compensable injuries results in an injury compensable under Section 4.31 of this Act, the benefits for that injury shall be paid as provided by Section 4.47 of this Act.

"Compensable injury" is defined by Article 8308, Section 1.03(10):

'Compensable injury' means an injury that arises out of and in the course and scope of employment *for which compensation is payable under this Act.* [Emphasis added.]

Hailes reasoned, and the trial court agreed, that since his 1981 back injury occurred before September 1, 1991, it is not an injury for which compensation is payable under "this Act," and therefore, it is not an "earlier compensable injury" or "compensable injury" within the meaning of Article 8308–4.30. We conclude that this is an incorrect construction of the statute.

## STATUTORY CONSTRUCTION

Several principles guide our inquiry in construing a statute. Our ultimate purpose must be to effect the Legislature's intent.

*Texas Water Comm'n v. Brushy Creek Mun. Utility Dist.,* 917 S.W.2d 19, 21 (Tex.1996); *Union Bankers Ins. Co. v. Shelton,* 889 S.W.2d 278, 280 (Tex.1994). We resort to rules of construction only when the statute in question is ambiguous. *Texas Water Comm'n,* 917 S.W.2d at 21; *Ex parte Roloff,* 510 S.W.2d 913, 915 (Tex.1974). Regardless of whether the statute is considered ambiguous on its face, we may consider the administrative construction of the statute. TEX. GOV'T CODE ANN. § 311.023(6)(Vernon 1988). The construction of a statute by an agency charged with its execution is entitled to serious consideration unless the agency's construction is unreasonable and clearly inconsistent with the Legislature's intent. *Texas Water Comm'n,* 917 S.W.2d at 21; *Tarrant Appraisal Dist. v. Moore,* 845 S.W.2d 820, 823 (Tex.1993).

■ The Appeals Panel of the Texas Workers' Compensation Commission noted in its written opinion that it has on a prior occasion rejected the same argument asserted by Hailes and has instead found that a carrier is entitled to contribution pursuant to Article 8308–4.30 for an injury which occurred before September 1, 1991. As will be shown, this determination is reasonable and consistent with prior law and legislative intent. Nevertheless, the trial court disregarded the administrative agency's construction and instead resorted to the post-amendment definition of "compensable injury" found in Article 8308–1.03(10) in determining whether an injury which occurred prior to the effective date of Article 8308–4.30 was compensable. This is contrary to the well-established rule that the provisions of the Workers' Compensation Act in force at the time of the accident determine the rights and duties of the parties. *Gibson,* 866 S.W.2d at 759; *Harris,* 814 S.W.2d at 523; *Tramel v. State Farm Fire and Cas. Co.,* 830 S.W.2d 754, 756 (Tex.App.—Fort Worth 1992, writ denied); *Consolidated Casualty Ins. Co. v. Smith,* 309 S.W.2d 80, 84 (Tex.

---

4. By the time of the contested case hearing, Article 8308–4.30 had been codified without substantive change in TEX.LAB.CODE ANN. § 408.084 (Vernon 1996). The Appeals Panel discussed both Article 8308–4.30 and Section 408.084 in determining that Fidelity was entitled to contribution and a credit for its overpayment of benefits. In order to avoid confusion, we will limit our discussion to Article 8308–4.30.

Civ.App.—Houston 1958, writ ref'd n.r.e.). Nothing in Article 8308–4.30 indicates that the Legislature intended to abandon this rule or limit the availability of contribution to those injuries which occurred after September 1, 1991. We conclude that a carrier is entitled to contribution pursuant to Article 8308–4.30 for an injury which preceded the effective date of that statute so long as the injury was compensable under the law in effect at the time of the prior injury. Based upon the parties' stipulations, Fidelity established that Hailes' earlier injury was compensable under the prior law and that it is entitled to contribution pursuant to Article 8308–4.30. Points of Error Nos. One through Four are sustained.

We reverse the judgment of the trial court and render judgment in favor of Fidelity that Hailes' impairment income benefits and supplemental income benefits be reduced in a proportion equal to 35 percent; further, Fidelity is entitled to a credit under benefits due in the amount of $1,961.85.