Opinion issued December 19, 2002



 












In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00542-CV
____________
 
MICHELLE RAMIREZ, INDIVIDUALLY, ON BEHALF OF THE ESTATE
OF JESUS RAMIREZ, AND AS NEXT FRIEND OF JESUS RAMIREZ, JR.,
A MINOR, ERICA RAMIREZ, A MINOR, AND JESSICA MALDONADO,
A MINOR, Appellant
 
V.
 
WORTHINGTON CONSTRUCTORS, INC., WORTHINGTON PAVERS,
INC., AND DAVID E. WORTHINGTON, Appellees
 

 
 
On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 00-23157
 

 
 
O P I N I O NIn this wrongful death action, appellant, Michelle Ramirez, individually, as
representative of the estate of her husband, Jesus Ramirez, and as next friend of their
three children, appeals from the trial court’s summary judgment in favor of appellees,
Worthington Constructors, Inc., Worthington Pavers, Inc., and David E. Worthington
(collectively “Worthington”). In one point of error, appellant contends the trial court
erred in granting Worthington’s motion for summary judgment because Worthington
retained a right to control its independent contractor, Scott Kannard, and thus it had
a duty to provide a safe work environment for Ramirez. We affirm.
Facts & Procedural Background
           Worthington subcontracted a parking lot paving job to Kannard, who
employed Ramirez as a day laborer for the job. After work on the eighth day of the
job, Kannard, Cash Yonik, a friend of Kannard’s, Ramirez, and two unidentified day
laborers loaded up Kannard’s pickup truck with a broom, diesel can, and picks. 
Ramirez and the two other day laborers rode in the bed of the truck. Kannard drove
the three workers to a shopping center parking lot to drop them off. Kannard
approached the parking lot and slowed the truck. As he began to turn the truck, he
heard a noise and then saw Ramirez lying in the street behind the truck. Kannard
parked the truck and ran back to the street to help Ramirez, who was unconscious.
          Approximately five minutes later, an ambulance and a fire truck arrived at the
scene with paramedics to help Ramirez. A Houston Police officer also arrived and
wrote an accident report, but did not charge Kannard with a violation. When
appellant arrived at the scene, she tried to calm her husband after he became
conscious. Ramirez was taken to a hospital and subsequently died from his head
injuries.
          When contacted by the attending hospital, Dennis Worthington, vice-president
of Worthington Pavers, Inc., informed the hospital that Ramirez was not a
Worthington employee and not covered under Worthington’s worker’s compensation
insurance. Dennis Worthington later testified by deposition that he had never visited
the job site and had never met Ramirez before the accident. Dennis Worthington
further testified that he did not hire Ramirez, pay Ramirez, provide tools to Ramirez,
or instruct Ramirez in his job duties. 
          Appellant brought a wrongful death suit against Worthington based on the
contention that Ramirez was an employee or borrowed servant of Worthington, who
breached a legal duty of care it owed Ramirez. Worthington moved for summary
judgment, contending that it: (1) owed no legal duty to Ramirez because he was not
an employee; (2) did not retain or exercise a right of control over Ramirez; (3)
alternatively, met the duty of a general contractor to a subcontractor’s employees; 
and (4) did not breach a duty to maintain a safe work place. The trial court granted
the motion for summary judgment without specifying the grounds for its decision.
Standard of Review
          A defendant who conclusively negates at least one of the essential elements of
each of a plaintiff’s causes of action, or who conclusively establishes all of the
elements of an affirmative defense, is entitled to summary judgment. Tex. R. Civ. P.
166a(c); Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995). When deciding whether
there is a disputed material fact issue precluding summary judgment, evidence
favorable to the non-movant will be taken as true. Osborne v. St. Luke’s Episcopal
Hosp., 915 S.W.2d 906, 911 (Tex. App.—Houston [1st Dist.] 1996, writ denied). 
Every reasonable inference must be indulged in favor of the non-movant and any
doubts resolved in its favor. Id. When a trial court’s order does not specify the
grounds under which the summary judgment was granted, we will affirm the
judgment on any theory advanced in the motion that is meritorious. Harwell v. State
Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995).
Duty Owed To An Independent Contractor And His Employees
          Appellant contends the trial court erred in granting Worthington’s motion for
summary judgment because Worthington retained control over the paving project and 
thus had a duty to Ramirez to provide a safe working environment. 
            The Texas Wrongful Death Act applies only if an injured individual would
have been entitled to bring an action for the injury if he or she had lived. Tex. Civ.
Prac. & Rem. Code Ann. § 71.003(a) (Vernon 1997). In order to establish tort
liability on the part of a defendant, a plaintiff must prove the existence and violation
of a legal duty owed him by that defendant. Otis Eng’g Corp. v. Clark, 668 S.W.2d
307, 309 (Tex. 1983). As a general rule, an employer is not responsible for the
negligence or tortious acts of an independent contractor and the contractor’s
employees. Sanchez v. Mbank of El Paso, 792 S.W.2d 530, 531 (Tex. App.—El Paso
1990), aff’d, 836 S.W.2d 151 (Tex. 1992). An exception to the general rule occurs
when the general contractor retains a right of control over the independent contractor. 
Redinger v. Living, Inc., 689 S.W.2d 415, 418 (Tex. 1985). 
          We measure the right to control by considering: (1) the independent nature of
the worker’s business; (2) the worker’s obligation to furnish necessary tools, supplies,
and materials to perform the job; (3) the worker’s right to control the progress of the
work except about final results; (4) the time for which the worker is employed; and
(5) the method of payment, whether by unit of time or by the job. Sugar Land Props.,
Inc. v. Becnel, 26 S.W.3d 113, 117 (Tex. App.—Houston [1st Dist.] 2000, no pet.). 
The employer’s role must be more than a general right to order the work to start or
stop, to inspect progress or receive reports. Redinger, 689 S.W.2d at 418. 
          When making a determination of whether an employer retained the right of
control over an independent contractor, we first look to any written contracts between
the employer and the independent contractor. Gibson v. Grocers Supply Co., Inc.,
866 S.W.2d 757, 760 (Tex. App.—Houston [14th Dist.] 1993, no writ). Here, no
written contract existed between Worthington and Kannard setting forth their rights
and responsibilities. Thus, the extent of Worthington’s right to control, if any, must
be determined by examining the facts and circumstances surrounding the paving
project. Id.
          The summary judgment evidence shows that Worthington did not retain control
over Kannard or his employee, Ramirez. Worthington did not visit the work site,
supervise at the site, or instruct workers in their job duties. Worthington did not
possess the right to hire or fire Ramirez, did not set Ramirez’s wages or work hours,
and did not pay Ramirez. Moreover, Worthington did not own the truck involved in
the accident or the equipment in the back of the truck. There is no summary judgment
evidence that, at the time of the accident, Kannard was returning tools or Ramirez to
Worthington’s place of business. On the contrary, the summary judgment evidence
shows that the accident did not occur at the work site and was not a result of an
unsafe work environment. The accident occurred not within the course or scope of
Ramirez’s employment, but after work was finished for the day. The accident
actually occurred in a public street outside of a public shopping center. 
          Applying the right-to-control test to the summary judgment evidence, we find
that it conclusively shows that Worthington owed no legal duty to Ramirez. When
a summary judgment order does not state the specific grounds on which it was
granted, a party appealing from the judgment rendered pursuant to that order must
show that each of the independent arguments alleged in the motion was insufficient
to support the order. Gannon v. Baker, 830 S.W.2d 706, 709 (Tex.App.—Houston
[1st Dist.] 1992, writ denied). Here, appellant failed to raise a material question of
fact as to whether Worthington owed a legal duty to Ramirez. Thus, we hold that the
trial court did not err in granting Worthington’s motion for summary judgment. We
overrule appellant’s sole point of error.
Conclusion
We affirm the trial court’s order of summary judgment.
 

                                                             Terry Jennings
                                                             Justice
 
Panel consists of Justice Nuchia, Jennings, and Radack.
Do not publish. Tex. R. App. P. 47.